STATE, Respondent, vs. JAKUBOWSKI, Appellant.

*May 16—June 10, 1947.*

*A. W. Richter* and *Daniel Sobel,* both of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

WICKHEM, J.    Appellant raises two questions upon this appeal: (1) Can a judgment under sec. 343.683, Stats., be sustained when it appears under the evidence that the complaining witness was on his way home when assaulted by appellant? (2) Is a conspiracy between appellant and another person es-

tablished by a statement by appellant to a third person "we have taken care of three persons" on the day in question?

The following are the facts: Complaining witness, Carl Zielke, was fifty-three years of age and had worked at Allis-Chalmers Company since 1925. The employees of Allis-Chalmers plant had been on strike beginning in April, 1946. Zielke had gone on strike with the rest of the employees and so remained until August, 1946, when he returned to work. Defendant Golon and appellant were striking employees of the Allis-Chalmers plant. The incident involved occurred on September 23, 1946. On the morning of that day Zielke left his home and walked toward the Allis-Chalmers plant for the purpose of going to work. The Allis-Chalmers plant is located at Seventieth street in West Allis and extends from Greenfield avenue along Seventieth street, a distance of about five blocks. The plant is on the east side of Seventieth street and extends easterly on the north side of Greenfield avenue for a distance of about eight blocks. On Seventieth street there are several entrance gates to the plant numbered respectively 5, 6, 7, and 8. Zielke lived on Seventy-Third street which is south and west of the plant. He walked north on Seventy-Third street to Greenfield, east to Seventy-First street, north to Madison street, east to Seventieth street, and proceeded to gate No. 5 which is directly opposite the intersection of Madison and Seventieth streets. Gate No. 5 was locked and he walked north toward gate No. 6. He met defendant Golon approaching him about a quarter of a block north of gate No. 5. Golon asked him where he was going, and when it appeared that Zielke was going to work, Golon struck Zielke several times and knocked him down. Zielke got up, picked up his umbrella, and started to go back the way he came. He proceeded southwesterly to Madison street, and walked along the south side of Madison street to Seventy-First street. Golon waved to appellant who had his car on Seventieth street about one block north of Madison street. The

latter drove to where Golon was standing and engaged in conversation with him. Thereafter appellant trailed Zielke in his automobile along Madison street until the latter had arrived at Madison and Seventy-First street and turned left to walk across Greenfield. Appellant then stopped his car, approached Zielke and asked him where he was going. Zielke said "home." Thereupon appellant hit him two or three times and knocked him down. He then picked up Zielke's umbrella and broke it. Thereafter appellant left in his car and Zielke entered the plant and went to the infirmary for treatment.

The first contention of appellant is that whatever his offense was it did not constitute a violation of sec. 343.683, Stats., because Zielke, according to his own statement, was going home at the time that he was assaulted. The words of the statute that are material here are as follows:

"Any person who by threats, intimidation, force or coercion of any kind shall hinder or prevent any other person from engaging in or continuing in any lawful work or employment, either for himself or as a wage worker, or who shall attempt to so hinder or prevent shall be punished by fine. . . ."

We see no merit in appellant's contention. Zielke was going to work that morning in spite of the strike. Golon assaulted him to prevent his going to work. Appellant assaulted him for the same reason and with the same purpose. It does not matter that Zielke had announced his intention of going home. He was being coerced by assault from continuing to work. This is true whether appellant was trying to insure that Zielke would not adopt evasive tactics and get to the plant or whether he was trying to keep him from going to work the next day. In any event, it was a violation of the letter and spirit of the statute, and to make the matter turn on where Zielke was going at the moment would rob the statute of any important effect.

The next contention of appellant is that a conspiracy between appellant and Golon was not established by certain admissions

by appellant to a third person. The admissions occurred on the same morning but after the Zielke incident when appellant accosted Wage who was complainant in one of the prosecutions of appellant. When Wage informed appellant that he was going to work Jakubowski said, "Oh, no, you are not. I would just as soon kill my own brother if he went into that shop. We did a good job on a few old fellows, knocking their teeth out, and when we do a job we do a darned good one."

It is contended in this case that this is not a sufficient basis for a finding of conspiracy. We are unable to appreciate the materiality of the contention. A finding of conspiracy was not essential to the conviction of appellant of an assault upon Zielke and a violation of sec. 343.683, Stats. There was no objection to this evidence and in any case it constituted an admission as to the motives and purposes of appellant. Since by stipulation the three cases were tried together, any evidence as to what appellant did or said, whether it was received in relation to one case or the other, could be considered by the trial court in determining appellant's guilt upon the charges relating to Zielke. We do not here deal with the conditions under which admissions of a co-conspirator may be received into evidence. This admission was by appellant himself and was probative of his own guilt. Evidence concerning an earlier assault by Golon, the conversation between Golon and appellant, appellant's act in immediately trailing Zielke and assaulting him, all have material bearing upon the motives and purposes of appellant in committing the assault. Under these circumstances we do not deem it necessary to make this case turn in any respect upon concert of action between Golon and appellant.

*By the Court.*—Judgment affirmed.